IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In Re: ) | CHAPTER 7 |
| ) | |
| MILLS, DAVID BRIAN ) | CASE NO.  05-04967-TLM |
| ) | |
| ) | |
| Debtor(s). ) | |
| ) | |

ORDER OF ABANDONMENT, ORDER DENYING MOTION
TO COMPEL, AND ORDER VACATING HEARING

Creditor Netwest Communications Group, Inc. ("Creditor") filed a Motion for Abandonment, Doc. No. 17 ("Motion"), under § 554(b) and Fed. R. Bankr. P. 6007(b), seeking an order requiring the chapter 7 Trustee, Lois Murphy ("Trustee") to abandon property of the estate consisting of stock in Creditor constituting a 27.14% ownership interest thereof.

The Motion was heard on June 26, 2006, and granted without opposition from Trustee.  The Court directed that an order be prepared with "Ms. Murphy to endorse" the same.  Subsequent to hearing, Creditor took the position that Trustee was to prepare the proposed Order as well as endorse it.  Creditor filed a "Motion to Compel Trustee to Comply with Court Directive," Doc. No. 22, which included a request for award of attorneys' fees of $500.00 to Creditor.  Creditor set that motion for hearing on August 7, 2006.  *See* Doc. No. 24.

SUMMARY ORDER - 1

Logically, the moving party would be the one to prepare an order granting the motion it brought.  Additionally, the Court said Trustee was to "endorse" the order, obviously implying she would review and approve its form.  Endorsement would make little sense if Trustee authored and submitted the order.  The Court here makes it clear it intended at the time of hearing that Creditor, as movant, would prepare the order and Trustee would simply review and endorse it as acceptable in form.

The Court finds Creditor's "motion to compel" mistaken, misguided, and unnecessary.  In fact, had Creditor truly been concerned with getting an order promptly entered, it could have spent just a few moments preparing an order abandoning the stock, which would have been far less consumptive of resources than the "motion to compel."  Additionally, the Court concludes that it need not and will not dedicate further judicial resources to that motion.  Hearing is not required to deal appropriately with it.

THEREFORE, upon the record herein, the Court being adequately advised and good and sufficient cause appearing:

IT IS ORDERED as follows:

1. The Motion, Doc. No. 17, is GRANTED under § 554(b) and Fed. R. Bankr. P. 6007(b), and the estate's interest in Creditor's stock representing 27.14% ownership of Creditor is ABANDONED.

2. The endorsement of Trustee on this Order is waived, inasmuch as Trustee lodged a proposed form of abandonment order with her signature, which the Court has replaced with the instant Order.

SUMMARY ORDER - 2

3.   Creditor's motion to "compel,' Doc. No. 22, is not well taken and is DENIED.  The hearing scheduled thereon for August 7, 2006, is VACATED.

DATED:  July 25, 2006

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

SUMMARY ORDER - 3